UNITED STATES DISTRICT COURT
WESTERN DISTRICT MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:22-cv-3293 |
| ) | |
| LEGALZOOM.COM, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MICHAEL BURRIS ("Plaintiff"), through his attorneys, Molner Law Group, LLC, alleges the following against Defendant, LEGALZOOM.COM, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA").

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper pursuant to § 1693m(g) and 28 U.S.C. §§ 1331 and 1337 as Plaintiff's claims arise under the laws of the United States.

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

4. Plaintiff is a natural person residing in the City of Springfield, Greene County, State of Missouri.

5. Defendant is a legal service company with a principal place of business located in the

1

City of Glendale, Los Angeles County, State of California.

6. Defendant is a "financial institution" as that term is defined by the EFTA.

7. Plaintiff's personal checking account is an "account" as that term is defined by the EFTA.

8. Defendant is a business entity engaged in the legal service industry within the State of Missouri.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff established a personal checking account earmarked for the specific purpose of paying bills for personal, family, and household purposes.

11. On or about February 8, 2021, Plaintiff retained Defendant to create a limited liability company.

12. On or about February 8, 2021, Plaintiff provided his debit card information and agreed to allow Defendant to make four (4) withdrawals from his personal checking account on a monthly basis and until the amount for his service was paid in full.

13. After Plaintiff paid Defendant in full, Defendant continued to withdraw funds from Plaintiff's personal checking account for nearly an entire year, each withdrawal being $39.00 or $49.00.

14. On or about July 18, 2022, Plaintiff called Defendant and spoke with one of Defendant's female agents.

15. During the immediately above-referenced conversation:

a. Plaintiff explained that Defendant should not have continued to withdraw payments from his personal checking account.

   b. Defendant's female agent told Plaintiff that the charges were for a service that Plaintiff did not sign up for.

   c. Defendant's female agent offered to refund Plaintiff but for only three (3) months of unauthorized withdrawals from his personal checking account.

16. Defendant, without Plaintiff's permission or authorization, express or implied, withdrew several payments from Plaintiff's personal checking account.

**DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT**

17. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

18. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

19. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

20. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b),

comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

21. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

22. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, Plaintiff, MICHAEL BURRIS, respectfully requests judgment be entered against Defendant, LEGALZOOM.COM, INC., for the following:

23. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

24. Actual damages;

25. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

November 17, 2022

By: /s/ Mark D. Molner, Esq.
Mark D. Molner MO# 62189
EVANS & MULLINIX, P.A.
7225 Renner Road, Suite 200
Shawnee, Kansas 66217
P: 913-962-8700
F: 913-962-8701
mmolner@emlawkc.com